## WEBB HIGH v. STATE.

No. A-3152.   Opinion Filed May 3, 1919.

(180 Pac. 572.)

1. **TRIAL—Order of Admission of Evidence—Discretion of Trial Court.** The order in which evidence is admitted is within the discretion of the trial court. Where the defendant is charged with the unlawful possession of intoxicating liquors, and certain exhibits of bottles of beer and whisky are offered in evidence by the state, which beer and whisky had been found and seized on premises at a time when nobody was in possession of said premises, it was discretionary with the trial court to permit such exhibits to be introduced, and to permit the state to subsequently connect the defendant with the possession of the same.

2. **INTOXICATING LIQUORS—Evidence—Corpus Delicti.** Where there is evidence that whisky and beer in unlawful quantities were found on certain premises searched by officers, and the defendant admitted that such premises were his and that the liquor seized was his, and interposed no defense to the prosecution for the unlawful possession of the same, a judgment of conviction will not be disturbed on the ground that there was no sufficient proof of the corpus delicti.

*Appeal from County Court, Oklahoma County;*
*Wm. H. Zwick, Judge.*

Webb High was convicted of the crime of unlawful possession of intoxicating liquors, and sentenced to pay a fine of $150 and to serve 90 days' imprisonment in the county jail, and he appeals. Judgment affirmed.

*Twyford, Smith & Crowe,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

MATSON, J.   This is an appeal from the county court of Oklahoma county wherein the defendant, Webb High, was convicted of the crime of unlawful possession of intoxicating liquors, and his punishment fixed at a fine

of $150 and imprisonment in the county jail for a period of 90 days.

The facts show that two deputy sheriffs on April 4, 1917, searched certain premises at 805 Pennsylvania street in Oklahoma City, located about 100 yards south of the crossing of the Pennsylvania street bridge over the North Canadian river. At these premises, six bottles of beer were found in the house, some on ice and others in a kitchen cabinet. In an outhouse about 50 feet from the house and on the same premises, 17 quart bottles of whisky and 27 half-pint bottles were discovered concealed in sacks, and the door to the outhouses was securely fastened and propped.

There were also found on the premises certain hiding places or plants, which had evidently been prepared as storing places for intoxicating liquors, but at the time of the raid these plants were empty. Nobody was at home at the time the officers made the raid, but the defendant and one Joe Murray and Mrs. Allie Smith were all arrested and jointly charged with the offense. The trial resulted in the discharge of Mrs. Smith, and the conviction of both Murray and this defendant.

Upon the trial the court permitted to be introduced, over the objection and exception of this defendant, the bottles of whisky and beer found on the premises; it being contended by defendant that a sufficient predicate had not been laid to permit the introduction of this evidence. At the time the exhibits were admitted, the officers had identified them positively as the bottles of beer and whisky found on the premises at 805 Pennsylvania street on April 4, 1917, and that the exhibits were in the same condition, at the time they were admitted as evidence that they were in at the time they were found upon the premises, and that

said exhibits had been in the exclusive possession and under the control of these officers under lock and key during the entire time between the date of the search and the date of the trial. It was contended, however, that there was no evidence at the time that these exhibits were admitted to connect the defendant with them, but such objection goes merely to the order in which the court permitted the evidence to be introduced. The matter was discretionary to permit the exhibits to be introduced at that time provided the state subsequently, during the progress of the trial, connected the defendant with the possession of the same. We see no abuse of discretion in permitting these exhibits to be admitted, as subsequently evidence was supplied tending to connect defendant with the possession thereof at the time of their seizure.

It is further contended that there is no sufficient proof of the *corpus delicti* of the offense. This contention is without merit, as there is proof positive that whisky and beer in unlawful quantities were found on the premises at 805 Pennsylvania street, Oklahoma City, and the defendant admitted that such premises were his, and that the liquor seized was his liquor. No defense was interposed by the defendant that would justify his acquittal.

The judgment is affirmed.

DOYLE, P. J., and ARMSTRONG, J., concur.